### T. C. BLAIR v. THE STATE.

No. 823.   Decided November 23, 1910.

**Assault to Rape—Intent—Insufficiency of the Evidence.**

Where, upon trial of assault with intent to rape, the evidence failed to show that the assault was made with the intent to commit rape, the conviction could not be sustained. Following Cromeans v. State, 59 Texas Crim. Rep., 611.

Appeal from the District Court of Gonzales. Tried below before the Hon. M. Kennon.

Appeal from a conviction of assault with intent to rape; penalty, six years imprisonment in the penitentiary.

The opinion states the case.

W. W. *Glass,* for appellant.—Cited cases in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of an assault to rape upon a girl under fifteen years of age, his punishment being assessed at six years confinement in the penitentiary.

The prosecutrix testified that on the 8th of February of the present year she and her sister went to the town of Waelder from their residence, three miles east of said town, she going for the purpose of taking her music lesson; that they went in a buggy; that her sister remained in town and she alone returned home. En route home, just after having crossed the railroad track about forty yards, appellant came out of a field by the side of the road, came under the wire fence, and called to her that something was the matter with the harness. She requested him to come and fix it, which he did. After fixing the harness he came on by the buggy and in passing caught hold of the leg of prosecutrix between the ankle and the knee and said: "Give me some." Prosecutrix screamed. Appellant ran off through the field, and that was all that was said or done. Prosecutrix drove home, which was about a half a mile, and informed her father of what had occurred. He went to Waelder and informed the officers. Appellant's arrest followed. The above is a statement of the facts that occurred with reference to the assault to rape. There is some testimony showing the action of the officers, the father and the witness in connection with the case leading up to the arrest of appellant, and the introduction of evidence in regard to some tracks at the scene of the trouble located by the prosecuting witness.

There are some bills of exception reserved presenting several matters. These we deem unnecessary to discuss from the fact that we are of opinion that appellant's contention is correct; that the evidence does not support the conviction. See Cromeans v. State, 59 Texas Crim. Rep., 611, 129 S. W. Rep., 129. A similar case to this was there fully discussed, both on the original hearing and on the motion for rehearing. An inspection of the facts in that case will show they were fully as strong, if not stronger, than the facts in this case. While the conduct of appellant was outrageous and to be condemned, yet the facts fall short of the demands of the law to show the assault was for the purpose of committing rape.

Being of opinion that the evidence is not sufficient to justify the conviction of assault to rape, the judgment is reversed and the cause is remanded.

*Reversed and remanded,*